IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR206 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| TRENTON SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 23) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 16) filed by the Defendant, Trenton Smith, be denied. Smith filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 31, 32) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Smith seeks an order suppressing evidence recovered during a May 13, 2008, warrantless search and a later search pursuant to a warrant that occurred on the same date. Judge Gossett issued oral findings of fact and conclusions of law, concluding: the Defendant, Trenton Smith, voluntarily consented to the law enforcement officers' initial entry into his home; the evidence in question was in plain view; and the affidavit supporting the search warrant application contained sufficient probable cause for issuance of the warrant and, alternatively, the *Leon* good-faith exception applies. (Tr. 90-101.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part,

the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## ANALYSIS

Judge Gossett provided an account of the events surrounding the encounter. (Tr. 90-100.) The Court has considered the transcript of the hearing conducted by Judge Gossett. (Filing No. 26.) The Court also carefully viewed the evidence. (Filing No. 21.)

Smith's objections to the Report and Recommendation are summarized as follows:

- the search warrant application did not include a substantial basis to support a finding of probable cause;

- the *Leon* good-faith standard does not apply; and

- the search warrant application and the later search were fruits of the preceding illegal warrantless entry and search.

### *Probable Cause*

The Defendant's argument in his brief supporting his statement of objections is the same argument, verbatim, as the argument presented in the brief in support of the original motion to suppress. The twice presented argument is merely a boilerplate recitation of the law and includes no facts pertinent to this case. This Court agrees with Judge Gossett's very thorough analysis as to how the search warrant affidavit supports the finding of probable cause. (Tr. 97-99.) It should be noted that Judge Gossett was most careful because he reviewed a search warrant that he had issued. No grounds are offered in support of the objection to the Report and Recommendation beyond those submitted in the original motion, and the objection is denied.

**Leon *Good Faith Standard***

Again, the defense presents the identical argument, verbatim, as the argument presented in support of the original motion. This argument is also a boilerplate legal recitation without facts pertinent to this case. Judge Gossett thoroughly evaluated the issue. This Court agrees with his analysis. The objection is denied.

*Fruits of an Illegal Entry and Search*

The Defendant argues that once the agents were voluntarily admitted into the home, they moved around and "peer[ed] around the obscured view into the gun cabinet." (Filing No. 26, at 2.) The Defendant then argues that those actions required the agents to overlook the expectation of privacy in the gun cabinet. The Defendant also mentions briefly that the entry into the home was without consent.

The issue of consent was not argued in the objections or the supporting brief. Therefore, this issue is considered waived. The Court agrees with Judge Gossett's analysis (Tr. 91-94) and concludes that the agents entered the residence based on voluntary consent.

The gun cabinet was along the wall of the living room, which was the room into which the agents first entered when coming into the house. (Tr. 16.) Agent White saw the gun cabinet in the living room and called Agent Meadows's attention to the guns in the cabinet, and both agents could see gold engraving and embellishment on the guns in the cabinet. (Tr. 27.) The agents did not open the gun cabinet; rather, they could view the contents of the cabinet through its glass. (Tr. 27.) The Court finds that the guns inside the gun cabinet were in plain view. *See United States v. York,* 895 F.2d 1026, 1028 & 1030 (5th Cir. 1990) (officers entered a foyer and from there had a plain view of guns in a glass-

fronted gun cabinet in the living room).  Therefore, the initial search was lawful.  The objection is denied.

## CONCLUSION

For the reasons discussed, the objections to the Report and Recommendation are denied and the Report and Recommendation is adopted.  The motion to suppress is denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 23) is adopted in its entirety;

2. The Defendant's Statement of Objections to the Report and Recommendation (Filing No. 31) is denied; and

3. The Defendant's Motion to Suppress (Filing No. 16) is denied.

DATED this 17th day of October, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge